———o———

5060.

(Court of Appeal, Parish of Orleans).

## J. L. MOTT IRON WORKS vs. A. FREDERICK RENAUD.

In a suit upon a written contract evidence of a subsequent oral agreement varying its terms is inadmissible.

Appeal from the Civil District Court, Division "A."

J. Zach. Spearing, for plaintiff and appellant.

H. B. McMurray, Jr., for defendant and appellee.

GODCHAUX, J.—Plaintiff seeks to recover of defendant damages for the failure of the latter to comply with the terms of a written contract which is described and specially referred to in the petition. By the terms of this contract defendant purchased certain plumbing fixtures for a price payable in monthly installments after delivery, and it is alleged that defendant refused to accept delivery and thereby caused the damage for which recovery is sought.

On the trial of the case plaintiff introduced over de-

fendant's objection, evidence to the effect that, subsequent to the execution of the contract, the terms thereof were orally amended so as to provide that payment in full should be made upon delivery by plaintiff of the bills of lading covering the shipment of the goods. The record further shows that plaintiff offered to deliver the bills of lading on condition only that payment in full be made in accordance with this subsequent agreement, but was unwilling to deliver either the goods or the bills of lading covering the same, unless this condition as to payment be complied with.

Plaintiff appeals from a judgment of non-suit and defendant has answered the appeal with a prayer that the judgment be amended to one of absolute dismissal.

There being no allegation in the petition that the original written agreement sued upon was modified, the evidence elicited to the effect that the terms of delivery and payment were changed by a subsequent agreement was clearly inadmissible and cannot be considered.

This leaves a record which discloses that the plaintiff never offered to perform the contract sued upon in accordance with its terms, and in the absence of an offer or tender of performance in strict accordance with the contract, defendant cannot be held in damages.

Under the circumstances of the case the judgment of non-suit was proper and the same is accordingly affirmed.

St. Paul, J., takes no part.